## Commonwealth v. Kenney

498

Before Brominski, Bigelow and Schiffman, JJ.

*Stephen A. Teller*, for Commonwealth.

*Frank McGuigan*, for defendant.

BIGELOW, J., February 16, 1962.—On Tuesday, October 24, 1961, the Luzerne County grand jury returned a true bill against Edgar Kenney, no. 411 September sessions, 1961, "that Edgar Kenney, Yeoman, late of said County, on the 8th day of August, 1961, and divers other times at the County aforesaid, and within the jurisdiction of this Court, knowing full well that one John Henry Chopack had committed the felony of Blackmail by Accusation of Heinous Crime and that Pennsylvania State Police were attempting to establish the identity of the said John Henry Chopack as the blackmailer, did then and there willfully and unlawfully aid and assist the said John Henry Chopack to escape arrest and punishment by giving them, the State Police a wrong name and description of the said John Henry Chopack and misleading the said State Police in the course of their investigation contrary to the form of the Act of the General Assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania."

The offense charged is that of being accessory after the fact to a felony: Act of June 24, 1939, P. L. 872, sec. 1105, as amended, 18 PS §5105. The felony of which the principal was charged is that of blackmail by accusation of heinous crime: Act of June 24, 1939, P. L. 872, sec. 803, 18 PS §4803.

Defendant moved to quash the indictment, setting forth as the reasons therefor that:

"1. The indictment sets out *inter alia,* defendant, 'knowing full well that John Henry Chopack had committed the felony of Blackmail by Accusation of the Heinous crime.'

"2. No particulars as to the nature of the alleged Heinous crime are set forth in the indictment.

"3. The defendant is, therefore, not properly aware of the charges against him and is unable to properly prepare a defense."

At oral argument, Commonwealth's and defendant's counsel indicated that the sole question before the court was whether burglary and larceny could be considered "heinous crimes" by the court. It is defendant's contention that these are not "heinous" crimes and that his motion to quash the indictment should prevail for the reason that he cannot be found guilty of the crime charged; namely, of being an accessory after the fact to the crime of blackmail by accusation of heinous crime, committed by one John Henry Chopack, as said Chopack accused his victim of burglary and larceny, and these are not "heinous" crimes.

The Commonwealth maintains that the General Assembly enlarged the scope of section 101 of the Act of March 31, 1860, P. L. 382, by deleting therefrom the words "abominable," "sodomy" and "buggery" and substituting therefor the words "any heinous crime," intending thereby to extend this section (Act of June 24, 1939, P. L. 872, sec. 803) to the major felonies. In support of this contention, the Commonwealth cites Commonwealth v. Downer, 159 Pa. Superior Ct. 626, in which the heinous crimes involved were rape and murder. However, in that case, the Superior Court was not called upon to decide whether or not these crimes were heinous, other matters being the issues. The Pennsylvania Supreme Court in Commonwealth v. DePofi,

362 Pa. 229, categorically stated, at page 238: *"Every wilful and deliberate and premeditated murder is a heinous offense. It is with the exception of treason the highest offense known to the law, . . ."*

Defendant and the Commonwealth have taken recourse to standard dictionaries and law dictionaries for guidance. Neither party, however, has noted in the briefs submitted in this case that the word "abominable" is a synonymous cross-reference for the word "heinous" in referring to offenses and accusations. See Webster's Third International Dictionary, Unabridged, 1961 edition, page 1050. Our research constrains us to concur with the Commonwealth's statement in its brief that "there seems to be a dearth of law concerning those crimes which are considered to be heinous ones." However, we are not prepared to accede to the position of the Commonwealth that all the major felonies are embraced within the term "heinous crimes." The Act of March 31, 1860, P. L. 382, sec. 101, specifically limited its application to the "abominable crime of sodomy or buggery." The Act of June 24, 1939, P. L. 872, sec. 803, substituted the term "any heinous crime" for "the abominable crime of sodomy or buggery, committed with man or beast," and left it to the courts to determine what it intended, as the term "heinous" is nowhere defined in The Penal Code of 1939. As the words "heinous" and "abominable" have been authoritatively determined to be synonymous in the context used, it is the opinion of this court that no extension to other crimes less shocking to the morality of the people was intended and that, therefore, the crimes of larceny and burglary are not embraced within the term "any heinous crime" as used in section 803.

For the reason cited above, it is the opinion of this court that the indictment must be quashed.

The rule to show cause why the indictment should not be quashed is made absolute.